### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

Stefani C Schwartz, Esq. – 014661996
HATFIELD SCHWARTZ LAW GROUP LLC
240 Cedar Knolls Road, Suite 303
Cedar Knolls, NJ 07927
P: (973) 737-8315 F: (973) 737-8315
Attorney for Defendant, Wonder Group, Inc.

| | |
|---|---|
| Richard M. Zelma,<br><br>             Plaintiff,<br><br>v.<br><br>WONDER GROUP INC., a/k/a;<br>f/k/a REMARKABLE FOODS, INC.,<br>a/d/b/a, FOOD TRUCK INC., BLUE<br>APRON, and; DOE TELEMARKETERS':<br>(1-10), and ABC CORPORATIONS'<br>(1-10), and; DOE AND ABC<br>CALLCENTERS(1-10), and; DOE AND<br>/OR ABC ENTITIES ENGAGED IN,<br>CONTRACTED WITH, AFFILIATED<br>WITH OR PROFITING FROM TEXT<br>MESSAGE MARKETING, INITIATED<br>BY, FOR OR o/b/o WONDER GROUP,<br>initiated TOWARD OR AT<br>PLAINTIFF, WHERE EACH ENTITY<br>ACTED INDIVIDUALLY, IN CONCERT,<br>OR AS A GROUP,<br><br>             Defendants. | Civil Case No.<br><br>From the:<br>Superior Court of New Jersey,<br>Law Division, Bergen County<br>Docket No. BER-L-003872-24<br><br>*Electronically Filed*<br><br>**NOTICE OF REMOVAL TO THE<br>UNITED STATES DISTRICT COURT FOR<br>THE DISTRICT OF NEW JERSEY** |

TO:  THE CLERK AND THE HONORABLE JUDGES
     OF THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF NEW JERSEY

     Defendant, Wonder Group Inc., f/k/a Remarkable Foods Inc,

d/b/a, Food Truck Inc., ("Defendant-Wonder Group"), hereby files

the within Notice of Removal, pursuant to 28 U.S.C. § 1441, of

this action from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-001326-19, ("State Action") in which it is now pending, to the United States District Court for the District of New Jersey, Newark Vicinage. Removal of this matter from the Superior Court of New Jersey to the United States District Court is proper for the reasons set forth below:

1.    On June 25, 2024, Richard M. Zelma ("Plaintiff") commenced a civil action in the Superior Court of the State of New Jersey, Law Division, Bergen County, captioned <u>Richard M. Zelma v. Doe Telemarketers': (1-10) and ABC Corporations' (1-10), and; Doe and ABC Call-Center LLC's, (1- 10) and; Doe and ABC Corporations' and LLC's Telephone Common Carriers (1-10) and; Doe and ABC Telephone number Corporations and LLC Resellers; wholesalers; platform providers, gateway providers, DID platform services, VoIP Services, entities providing spoofed number services, and; Doe and ABC entities engaging in, contracted with, affiliated with, profiting from, marketing, through any medium, to, toward or at Plaintiff, where each entity acted individually, in concert, or as a group</u>, by filing a Complaint, which was docketed BER-L-003872-24 annexed hereto as Exhibit A.

2.    Plaintiff did not name any entity as a party in the original Complaint. Defendant was not served with this Complaint.

3.    On January 27, 2025, approximately six months after filing the Complaint, Plaintiff filed a First Amended Complaint

without leave of Court.  Defendant did not oppose the filing. <u>See</u> Exhibit B.

4.    On January 30, 2025, Plaintiff mailed, via certified mail, rather than serving via personal service, the First Amended Complaint to Defendant-Wonder Group. <u>See</u> Exhibit C.  Defendant Wonder-Group received the Complaint via mail on February 3, 2025. Notwithstanding that service was improper under the New Jersey Court Rules, Defendant is not objecting to or contesting service.

5.    In the First Amended Complaint, Plaintiff amended the Complaint to name Defendant Wonder Group Inc., f/k/a Remarkable Foods Inc, d/b/a, Food Truck Inc., as a party-Defendant. ("Defendant- Wonder Group").

6.    Defendant-Wonder Group is incorporated in the State of Delaware.  Defendant-Wonder Group's principal place of business is located in New York. Defendant-Wonder Group maintains locations in New Jersey. Plaintiff, Richard Zelma, resides in New Jersey. <u>See</u> The First Amended Complaint, ¶ 11,12.

7.    In the Amended Complaint, Plaintiff asserts causes of action for various violations of federal statute the Telephone Consumer Protection Act ("TCPA"), 47 <u>U.S.C</u>. §§ 227(b)(1)(A); 47 <u>U.S.C</u>. § 227(b)(1)(B); 47 <u>U.S.C</u>. §§227 (c)(3)(F); 47 <u>U.S.C</u>. §§227 (c)(5)(B); 47 <u>U.S.C</u>. §227 (b)(2)(D).

8.    Plaintiff further avers violations of The New Jersey Consumer Fraud Act ("The Act"), N.J.S.A. §§56:8-119 to 56:8-135, in the First Amended Complaint.

9.    Plaintiff alleges damages in excess of fifteen thousand dollars ($15,000.00).

10.    On February 11, 2025, Plaintiff filed a Motion for Leave seeking retroactive leave to file the First Amended Complaint. The motion is returnable on February 28, 2025. Despite that leave has not been granted yet by the State Court, in furtherance ensuring that the Notice of Removal is filed timely pursuant to the court rules, Defendant is filing this Notice to remove the State Court action to the District Court.

11.    As of this date, Defendants have not filed a responsive pleading in the underlying state action commenced by Plaintiff in the Superior Court of New Jersey, Law Division, Bergen County.

12.    Defendants are entitled to the removal of this matter as this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question) and pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction) since the State law claims are so related to the Federal claims that they form part of the same case under the United States Constitution.

13.    Defendants are entitled to the removal of this matter, pursuant to 28 U.S.C. § 1446(b), as this Petition of Removal has

been filed within thirty (30) days of service of the Complaint in the state action.

14.  This matter is therefore properly removed to this Court, pursuant to 28 U.S.C. § 1441(a), because the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

15.  Accordingly, this matter should be removed to the United States District Court for the District of New Jersey by virtue of the provisions of 28 U.S.C. § 1441.

16.  The documents annexed hereto comprise all of the pleadings filed in the State Court in this matter.

17.  Simultaneously with the filing of this Petition of Removal, Defendants have given written notice of the removal to Plaintiff and the Clerk of the Superior Court for Bergen County, New Jersey pursuant to 28 U.S.C. § 1446(d).

18.  Defendants reserve all defenses available to them at law, in equity or otherwise.  Defendants do not waive any defenses available to them by filing the instant Petition of Removal.

**WHEREFORE**, Defendants respectfully request that this action, now pending in the Superior Court, Law Division, Bergen County, be removed to the United States District Court for the District of New Jersey.

HATFIELD SCHWARTZ LAW GROUP LLC
*Attorneys for Defendants*


By: /s/ *Stefani C Schwartz*
      STEFANI C SCHWARTZ, ESQ.

Dated: February 28, 2025

# Exhibit A

6/30/24
CT: 224096532
$250
Batch: 600

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAWRZ@GMAIL.COM
Tel: 201 767 8153

| | |
|---|---|
| **Richard M. Zelma**<br>**Plaintiff**<br>**Vs.**<br>**Doe Telemarketers': (1-10) and ABC Corporations' (1-10), and;**<br>**Doe and ABC Call-Center LLC's, (1-10) and;**<br>**Doe and ABC Corporations' and LLC's Telephone Common Carriers (1-10) and;**<br>**Doe and ABC Telephone number Corporations and LLC Resellers; wholesalers; platform providers, gateway providers, DID platform services, VoIP Services, entities providing spoofed number services, and;**<br>**Doe and ABC entities engaging in, contracted with, affiliated with, profiting from, marketing, through any medium, to, toward or at Plaintiff, where each entity acted individually, in concert, or as a group.**<br>**Defendants'** | **SUPERIOR COURT OF NEW JERSEY**<br>**BERGEN COUNTY**<br><br>LAW DIVISION<br><br>**Docket No.:**<br><br>**PLAINTIFFS COMPLAINT FOR STRICT LIABILITY STATUTORY DAMAGES for;**<br><br>**VIOLATIONS of THE TELEMARKETING SALES RULE;**<br><br>**VIOLATIONS of THE TELEPHONE CONSUMER PROTECTION ACT;**<br><br>**VIOLATIONS to the CODE of FEDERAL REGULATIONS;**<br><br>**VIOLATIONS to THE NEW JERSEY NO CALL LAW and Relevant MUNICIPAL LAW;**<br><br>**STATUTORY TREBLED DAMAGES and PERMANENT INJUNCTIVE RELIEF.** |

## I. INTRODUCTION

This suit is brought pursuant to applicable authorities; The Telemarketing Sales Rule (TSR) 16 CFR §310 et seq; The Telephone Consumer Protection Act (TCPA) 47 U.S.C. §§227(b) (5); (c)(5)(C), its underlying Regulations: 47 CFR 64.1200 *et seq*., and the New Jersey No Call Law, Codified at N.J.S.A. §56:8-119 et seq; it's underlying regulations, N.J.A.C. §13:45D, which prohibit unsolicited telemarketing calls to New Jersey residents who registered their telephone numbers on the Federal No-Call-List administered by the Federal Trade Commission. (The DNC Registry)

1

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAWRZ@gmail.com
Tel: 201 767 8153

**1.** As noted above, both Federal and State Law strictly prohibit Telemarketing calls, RoBo calls, calls to fax machines or any form of uninvited marketing calls to residential subscribers or mobile phones to those who registered their phone numbers on the FTC no-call-list, where such calls are initiated either directly to such subscriber[s], manually or remotely dialed and initiated through the use of any automated telephone dialing system (ATDS), automatic dialing and announcement device (ADAD, including speed dialers, predictive dialers, rapid dialers, auto-dialing service, either transferred, forwarded and/or delivered by or through any Platform service, VoIP Service or Gateway Provider, acquire numbers algorithmically and / or surreptitiously on a consumer and capable of calling such numbers either randomly, sequentially and /or from a stored database, at a time decided by a person having control and/ or usage of such dialing equipment. ***See:*** 16 C.F.R. § 310.4(b)(1)(v) or any method that a reasonable person would define as dialing a phone number to more than one party, absent human intervention.

**2.** Marketing through other mediums, such as junk mailing, brochures, hand-outs, leaflets or unidentified mailings including door-to-door canvassers offering free quotes, requesting the recipient to call a provided number "**for more information**", are generally a prohibited attempt at harvesting sales leads, often resulting in uninvited follow-up telemarketing calls.

**3.** As the within matter will be amended following identification of the participants through Subpoena *deuces tecum*, the current Doe Defendants and Doe Corporations, participating in or orchestrating the marketing campaign[s], either by initiating marketing calls to Plaintiff's two land-lines, or delivering printed marketing material, or trespassing on Plaintiffs private property, shall illuminate each identified entity and named as applicable in Plaintiffs amended complaint.

4. Pending the service and results of subpoena[s] and upon Plaintiffs information and belief, the Doe defendants participating in any written marketing material including those passively involved in soliciting Plaintiff via civil trespass, will be named as well.

DOE COMPLAINT FOR DAMAGES

5.      Through their unwanted uninvited calls, unwanted junk mailings, along with canvassing Plaintiffs home, thus violating the TCPA and is underlying regulations, along with violating State and Municipal Civil Trespass Laws, the Doe and ABC Corporation Defendants knowingly and willfully solicited Plaintiff, either directly or through 'others', offering a service or product from the Defendants.

6.      The Doe Defendants agents implied, claimed, proffered and / or alleged they represented to provide products or services, while in reality, they were actually lead generators, an act strictly prohibited by the FTC.[1]

7.      Plaintiff does not or ever had any business relation with any of the Defendants, nor ever heard of them.

8.      Throughout each call, the defendants and/ or their representatives, agents or employees, refused to provide any real or valid traceable registered name, organization, identity or phone number upon which Plaintiff could further identify them, or, in the alternative, call back during normal business hours to make a no solicitation request.

9.      As further set out below, Plaintiff will detail the specific scheme leading up to the violations and this dispute upon the completion of Subpoena results.

10.      Plaintiff seeks to amend the within Complaint pending the identification from such Subpoena[s] for the owners, subscribers, users or resellers of the subject phone numbers identified through Caller ID.

## II.      PARTIES

11.      Richard M. Zelma (hereinafter, "Plaintiff" or "Zelma"), is a senior citizen, residing at 940 Blanch Avenue, in the Borough of Norwood, Bergen County New Jersey 07648, the location of the subject mailings and the subscriber to the subject phone numbers .

12.      As used herein, any reference to "Plaintiff" shall mean Plaintiff; Richard Zelma.

13.      Plaintiff is a natural person as defined under 47 USC §153(39).

## DEFENDANTS'

14.      The Defendants are currently unknown while plaintiff awaits the results from Subpoena.

---

[1.]   July 18, 2023, the FTC issued a warning, to make clear that third-party lead generation for robocalls is illegal under the Telemarketing Sales Rule (TSR) and that the FTC and its partners are committed to stopping illegal calls by targeting anyone in the telemarketing ecosystem that assists and facilitates these calls, including VoIP service providers.

DOE COMPLAINT FOR DAMAGES

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAWRZ@gmail.com
Tel: 201 767 8153

## III.    JURISDICTION AND  VENUE

15.   This Court has jurisdiction over the claims alleged herein arising under Federal Law: 16 C.F.R. §310 *et seq*; 47U.S.C. §227; 47 C.F.R. §64.1200 (d) and under State Law; N.J.A.C. § 13:45D-4.1.

17.   The within Doe Complaint is subject to further revision, amendment or supplementation upon Plaintiffs completion of service of all necessary Subpoenas to identify the currently unknown Doe defendants.

Respectfully submitted,
*/s/Richard M. Zelma*
Richard M. Zelma
PLAINTIFF, *pro se*
Dated:   June 30, 2024

### RULE 4:5-1 CERTIFICATION

Pursuant to the requirements of **R.** 4:5-1**,** I certify that the matter in controversy is not the subject of any other Court or Arbitration proceeding at this time, nor is any other Court or Arbitration proceeding contemplated. Subject to prevailing information, no other parties should be joined in this action unless the anticipated Subpoena results show otherwise.

*/s/ Richard M. Zelma*

RICHARD M. ZELMA, *pro SE*

Dated: June 30, 2024

### Rule 1:38-7(b) CERTIFICATION

I certify that confidential personal identifiers (if applicable) have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with **R**ule 1:38-7(b).

By:

*/s/ Richard M. Zelma*

RICHARD M. ZELMA, *pro SE*

Dated: June 30, 2024

DOE COMPLAINT FOR DAMAGES

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAWRZ@gmail.com
Tel: 201 767 8153



New Jersey Judiciary
Civil Practice Division

# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

## For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Richard M. Zelma, pro se | 2017678153   ext. | Bergen |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| N/A | |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 940 Blanch Avenue | Norwood | NJ | 07648 |

| Document Type | Jury Demand |
|---|---|
| DOE Complaint | ☐ Yes   ■ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Richard Zelma | Doe Telemarketers'; ABC Corporations'; Doe Call-Center LLC's; Doe and ABC Telephone Com |

Case Type Number (See page 3 for listing)  699

| Are sexual abuse claims alleged? | ☐ Yes | ■ No |
|---|---|---|
| Does this case involve claims related to COVID-19? | ☐ Yes | ■ No |
| Is this a professional malpractice case? | ☐ Yes | ■ No |

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law
regarding your obligation to file an affidavit of merit.

| Related Cases Pending? | ☐ Yes | ■ No |
|---|---|---|
| If "Yes," list docket numbers | | |

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ■ Yes | ☐ No |
|---|---|---|

| Name of defendant's primary insurance company (if known) | ☐ None | ■ Unknown |
|---|---|---|

**The Information Provided on This Form Cannot be Introduced into Evidence.**

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?   ☐ Yes   ■ No
If "Yes," is that relationship:
☐ Employer/Employee   ☐ Friend/Neighbor   ☐ Familial   ☐ Business
☐ Other (explain) _____

Does the statute governing this case provide for payment of fees   ☐ Yes   ■ No
by the losing party?

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

Do you or your client need any disability accommodations?   ☐ Yes   ■ No
If yes, please identify the requested accommodation:

Will an interpreter be needed?   ☐ Yes   ■ No
If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature:  _____/s/Richard M. Zelma_____

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES

(Choose one and enter number of case type in appropriate space on page 1.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 282 | Fosamax |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |
| 639 | Pinnacle Metal-on-Metal (MoM) Hip Implants |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

☐ **Putative Class Action**      ☐ **Title 59**      ☐ **Consumer Fraud**

☐ **Medical Debt Claim**

# Exhibit B



New Jersey Judiciary
Civil Practice Division

# Civil Case Information Statement (CIS)

Use for initial Law Division Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the
black bar is not completed, or attorney's signature is not affixed.

## For Use by Clerk's Office Only

| Payment type ☐ check ☐ charge ☐ cash | Charge/Check Number | Amount $ | Overpayment $ | Batch Number |
|---|---|---|---|---|

| Attorney/Pro Se Name | Telephone Number | County of Venue |
|---|---|---|
| Richard M. Zelma, pro se | (201) 767-8153  ext. | Bergen ▼ |

| Firm Name (if applicable) | Docket Number (when available) |
|---|---|
| N/A | BER-L- 3872-24 |

| Office Address - Street | City | State | Zip |
|---|---|---|---|
| 940 Blanch Avenue | Norwood | NJ | 07648 |

| Document Type | Jury Demand |
|---|---|
| First Amended Complaint | ☐ Yes  ■ No |

| Name of Party (e.g., John Doe, Plaintiff) | Caption |
|---|---|
| Richard Zelma | Zelma v. Wonder Group, DOE's & ABC Corps. |

Case Type Number (See page 3 for listing)  699

| Are sexual abuse claims alleged? | ☐ Yes | ■ No |
|---|---|---|
| Does this case involve claims related to COVID-19? | ☐ Yes | ■ No |
| Is this a professional malpractice case? | ☐ Yes | ■ No |

If "Yes," see N.J.S.A. 2A:53A-27 and applicable case law
regarding your obligation to file an affidavit of merit.

| Related Cases Pending? | ☐ Yes | ■ No |
|---|---|---|

If "Yes," list docket numbers

| Do you anticipate adding any parties (arising out of same transaction or occurrence)? | ☐ Yes | ■ No |
|---|---|---|

| Name of defendant's primary insurance company (if known) | ☐ None | ■ Unknown |
|---|---|---|

| The Information Provided on This Form Cannot be Introduced into Evidence. |
|---|

Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship?  ☐ Yes  ■ No
If "Yes," is that relationship:
☐ Employer/Employee   ☐ Friend/Neighbor   ☐ Familial   ☐ Business
☐ Other (explain) _____

Does the statute governing this case provide for payment of fees   ☐ Yes  ■ No
by the losing party?

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition.

Do you or your client need any disability accommodations?  ☐ Yes  ■ No
If yes, please identify the requested accommodation:

Will an interpreter be needed?   ☐ Yes  ■ No
If yes, for what language?

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).**

Attorney/Self-Represented Litigant Signature: _____ /s/Richard M. Zelma

# Civil Case Information Statement (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES

(Choose one and enter number of case type in appropriate space on page 1.)

### Track I - 150 days discovery

| | |
|---|---|
| 151 | Name Change |
| 175 | Forfeiture |
| 302 | Tenancy |
| 399 | Real Property (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | Book Account (debt collection matters only) |
| 505 | Other Insurance Claim (including declaratory judgment actions) |
| 506 | PIP Coverage |
| 510 | UM or UIM Claim (coverage issues only) |
| 511 | Action on Negotiable Instrument |
| 512 | Lemon Law |
| 801 | Summary Action |
| 802 | Open Public Records Act (summary action) |
| 999 | Other (briefly describe nature of action) |

### Track II - 300 days discovery

| | |
|---|---|
| 305 | Construction |
| 509 | Employment (other than Conscientious Employees Protection Act (CEPA) or Law Against Discrimination (LAD)) |
| 599 | Contract/Commercial Transaction |
| 603N | Auto Negligence – Personal Injury (non-verbal threshold) |
| 603Y | Auto Negligence – Personal Injury (verbal threshold) |
| 605 | Personal Injury |
| 610 | Auto Negligence – Property Damage |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | Tort – Other |

### Track III - 450 days discovery

| | |
|---|---|
| 005 | Civil Rights |
| 301 | Condemnation |
| 602 | Assault and Battery |
| 604 | Medical Malpractice |
| 606 | Product Liability |
| 607 | Professional Malpractice |
| 608 | Toxic Tort |
| 609 | Defamation |
| 616 | Whistleblower / Conscientious Employee Protection Act (CEPA) Cases |
| 617 | Inverse Condemnation |
| 618 | Law Against Discrimination (LAD) Cases |

## Track IV - Active Case Management by Individual Judge / 450 days discovery

| | |
|---|---|
| 156 | Environmental/Environmental Coverage Litigation |
| 303 | Mt. Laurel |
| 508 | Complex Commercial |
| 513 | Complex Construction |
| 514 | Insurance Fraud |
| 620 | False Claims Act |
| 701 | Actions in Lieu of Prerogative Writs |

## Multicounty Litigation (Track IV)

| | |
|---|---|
| 282 | Fosamax |
| 291 | Pelvic Mesh/Gynecare |
| 292 | Pelvic Mesh/Bard |
| 293 | DePuy ASR Hip Implant Litigation |
| 296 | Stryker Rejuvenate/ABG II Modular Hip Stem Components |
| 300 | Talc-Based Body Powders |
| 601 | Asbestos |
| 624 | Stryker LFIT CoCr V40 Femoral Heads |
| 626 | Abilify |
| 627 | Physiomesh Flexible Composite Mesh |
| 628 | Taxotere/Docetaxel |
| 629 | Zostavax |
| 630 | Proceed Mesh/Patch |
| 631 | Proton-Pump Inhibitors |
| 633 | Prolene Hernia System Mesh |
| 634 | Allergan Biocell Textured Breast Implants |
| 635 | Tasigna |
| 636 | Strattice Hernia Mesh |
| 637 | Singulair |
| 638 | Elmiron |
| 639 | Pinnacle Metal-on-Metal (MoM) Hip Implants |

If you believe this case requires a track other than that provided above, please indicate the reason on page 1, in the space under "Case Characteristics".

**Please check off each applicable category**

☐ **Putative Class Action**      ☐ **Title 59**      ☐ **Consumer Fraud**

☐ **Medical Debt Claim**

***Attorney in fact:*** Richard M. Zelma, *pro se*
940 Blanch Avenue
Norwood, New Jersey 07648
Tel: 201 767 8153
Electronic Mail: TCPALAWRZ@GMAIL.COM
***Attorney in fact: Under*** 28 U.S.C. §1654

| | |
|---|---|
| **RICHARD M. ZELMA**<br><br>**PLAINTIFF**<br><br>**VS.**<br><br>**WONDER GROUP INC., a/k/a; f/k/a REMARKABLE FOODS, INC., a/d/b/a, FOOD TRUCK INC., BLUE APRON, and;**<br><br>**DOE TELEMARKETERS': (1-10), and ABC CORPORATIONS' (1-10), and;**<br><br>**DOE AND ABC CALL-CENTERS (1- 10), and; DOE AND / OR ABC ENTITIES ENGAGED IN, CONTRACTED WITH, AFFILIATED WITH OR PROFITING FROM TEXT MESSAGE MARKETING, INITIATED BY, FOR OR o/b/o WONDER GROUP, initiated TOWARD OR AT PLAINTIFF, WHERE EACH ENTITY ACTED INDIVIDUALLY, IN CONCERT, OR AS A GROUP.**<br><br>**DEFENDANTS'** | **SUPERIOR COURT OF NEW JERSEY**<br>**BERGEN COUNTY**<br>LAW DIVISION<br>**Docket No.:  BER-L- 3872-24**<br>**PLAINTIFFS 1ˢᵗ AMENDED COMPLAINT FOR STRICT LIABILITY STATUTORY DAMAGES for VIOLATIONS UNDER 47 U.S.C.§227: THE TELEPHONE CONSUMER PROTECTION ACT OF 1991; SENDING TEXT MESSAGES TO A CELLULAR PHONE LISTED ON THE NO-CALL REGISTRY; 47 USC §227 (C)(3)(F);**<br>**USING AN AUTO-DIALER TO SEND PROHIBITED TEXT MESSAGES; 47 USC §227 (b)(1)(A) & 47 CFR 64.1200(a)(1)(iii);**<br>**FAILURE TO PROVIDE OPT-OUT MECHANISMS FOR TEXTS; 47 USC §227 (b)(2)(D);**<br>**SENDING TEXT MESSAGES WITHOUT THE PRIOR EXPRESS CONSENT OF THE CALLED PARTY 47 U.S.C. § 227(b)(1)(A)(iii), and**<br>**FOR TREBLED DAMAGES and PERMANENT INJUNCTIVE RELIEF.** |

**1**

## I.   **INTRODUCTION**

Plaintiff, Richard M. Zelma by way of this First Amended Complaint against Defendants says as follows:

**1.** This suit is brought pursuant to applicable authorities; The New Jersey Consumer Fraud Act ("The Act"), N.J.S.A.§§56:8-119 to 56:8-135; The Telephone Consumer Protection Act (TCPA); 47 USC §§227 (c)(3)(F); (b)(1)(A)&(B); (b)(1)(A)(iii), (b)(2)(D) *et seq*, which prohibit the initiation of unsolicited text messages, made either manually or through the use of an automated telephone dialing system (ATDS).

**2.** Auto-Dialers (generically) can include memory-dialers, which store frequently acquired numbers, algorithmic dialers retrieving numbers obtained through marketing research or provided by lead generators, sequential or random dialers or any device connected into a users telephone system, coupled either electronically, capacitively or inductively, paired or hard wired into such system, devoid of human intervention.[1]

**3.** Prohibited Text Messages are generally initiated for a purpose, to notify a consumer about the availability of 'ones' products, goods or services.

**4.** The Defendant is in the Food Service industry providing a conglomerate of various products it markets.

**5.** Plaintiff believes and thereby avers the Defendants text messages were not a mistaken act, were not requested, but used as a ploy by the defense, as an advertisement, to lure the recipients of its text messages to a website to view  Wonder's products or services.

---

1   **Plaintiff is a retired system technician from The Bell System/AT&T**

**Zelma v. Wonder Group;  Docket:  BER-L- 3872-24**

**6.**      The Defendants initiated text messages to Plaintiff's cellular telephone, at least twice under the name 'Wonder', without consent. A second text was received within one minute from the first, where both such messages displayed preformatted text, generated through auto-dialer technology. ***Id.***

**7.**      The defendants text messages were displayed with two identical generic messages, "**Your Wonder verification code is**"; each containing a distinct 6 digit numeric code, the product of a computer responding to a request that does not require human engagement.

**8.**      The provided text messages, with exception to the numeric codes, appear identical as preformatted generic "Robotexts" messages stored within a computer or dialing device.[2]

**9.**      *Assuming arguendo*, the foregoing recitation does not imply nor state in any way that Plaintiff, prior to this litigation, ever visited or entered the defendant's website.

**10.**      Furthermore, Plaintiff did not fill out or agree to any form of membership or any of the 'claimed' conditions created through the defendants Counsel Mauke's spurious defense. His claims remain unproven and unsupported, absent of even a thread of proof and are directly contradicted by the facts presented. (Defendants Letter) Exhibit-3.

**11.**      Thus, the defendant engaged in this proscription by texting messages to Plaintiff to his cellular telephone, [551] XXX- 0393, where that cellular number has remained listed with the federal and (NJ) state no-call-list since 2003, to avoid receiving unwanted telemarketing or text message solicitations of any kind.

## II. <u>PARTIES</u>

---

2.   See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order, 30 FCC Rcd 7961, 7978, 8017, paras. 24, 111-15 (2015) (TCPA Omnibus Declaratory Ruling and Order), pets. for review pending sub nom. ACA Int'l v. FCC, No. 15-1211 (D.C. Cir. filed July 10, 2015). Just as texts are a subset of "calls" under the TCPA, "robotexts" are a subset of "robocalls." See id. at 7964, para. 1 & n.1.

Zelma v. Wonder Group;  Docket:  BER-L-3872-24

12.　　　　Richard M. Zelma (hereinafter, "**Plaintiff**" or "Zelma"), is a natural person as defined under 47 USC §153(39) and senior citizen, residing at 940 Blanch Avenue, in the Borough of Norwood, Bergen County New Jersey 07648 is the user and subscriber to the subject cellular phone.

## DEFENDANTS

13.　　　　Upon information and belief, **Defendant** Wonder Group Inc. (Hereinafter "Wonder; Wonder Group Inc." or "Defendant") is a Delaware corporation in which it current filing with the State of New Jersey shows a Main Business Address as: 399 Jefferson RD, Parsippany, NJ, 07054.

14.　　　　Wonder Group Inc., *et als*, may be served upon their registered agent, Incorporating Services, Ltd, 349 Kinderkamack Road, Westwood NJ 07675

### III.　　JURISDICTION AND VENUE

15.　　　The facts giving rise to this Amended Complaint had their primary effect in the County of Bergen, State of New Jersey.

16.　　　　The Defendant business location is in this State and not diverse to Plaintiff.

17.　　　　Plaintiff does not assert 'standing' for purposes of federal court jurisdiction. The violations in this matter primarily concern State Law claims, with additional federal-law violations that are appropriately within the jurisdiction of the Superior Court of New Jersey, Bergen County.

18.　　　　This Court has specific jurisdiction under authority of The New Jersey Consumer Fraud Act ("The Act"), N.J.S.A.§§56:8-119 to 56:8-135.

19.　　　　This Court has general jurisdiction under authority of The Telephone Consumer

Zelma v. Wonder Group;  Docket:  BER-L- 3872-24

Protection Act (TCPA); 47 USC §§227 (c)(3)(F); (b)(1)(A) and (b)(2)(D) in that the Defendants repeatedly violated those proscriptions and repeatedly sent text messages to solicit Plaintiff.

20.     The Defendant is not registered with the State of New Jersey as required to do so as a business intending to solicit their products or services into the State and therefore at the time of their text messages, violated the Rules set forth by the New Jersey Department of Law & Public Safety. [N.J.S.A. §§56:8-121(a)(&(b)]

21.     As further set out below, the defendant's and each of them made a conscious decision; purposely situating themselves in the Forum State, directing prohibited activities into the Forum State and soliciting their business into the Forum State,

## IV.    ACTS OF AGENTS

22.     Whenever and wherever it is herein alleged that the Defendant[s], either individually, in concert with others or as a group, did any act defined, described or set forth below, it is meant the Defendant[s] performed, caused to be performed and/or participated in the act[s] and/or, that Defendants officers, owner[s], member[s] and/or managing members, partner[s], employees, contractors, successors, assigns, predecessors, affiliates, or 'other' agent[s], performed or participated in those acts on behalf of, for the benefit of, and/or under the authority or direction of the Defendant[s] and each of them under Agency.

## V.    FACTUAL BACKGROUND

23.     Plaintiff subscribes to cellular service phone number [551] XXX 0393.

24.     Plaintiffs phone number referenced above has been and remains listed on the FTC and New Jersey no-call-registry since inception, 2003 and 2004.

25.     Prior to the within matter, the defendant business was unknown to Plaintiff

Zelma v. Wonder Group;  Docket:  BER-L- 3872-24

**26.**     Plaintiff never inquired about the defendants' products or services.

**27.**     Prior to receiving the prohibited texts, Plaintiff never knew of the defendants website.

**28.**     Plaintiff does not need the defendants' products or services.

**29.**     On or about November 13, 2024, defendants initiated the two (2) text messages to Plaintiff.

**30.**     Plaintiff uses his cell phone for emergencies or communicating with family when away, therefore, plaintiff was unaware of these texts until opening his phone, December 20, 2024.

**31.**     Plaintiffs initial understanding was the 6 digit code provided in each text was a short code. (SMS)

**32.**     The image below, is the 'screen grab' of both text messages from Plaintiffs cell phone.



**33.**     Noticeably missing in each message was the provision to reply "STOP", or any way to respond back.

34.     The below are results of Plaintiffs subpoena to his cell carrier.

**Subpoena Results TracFone**

**Page 1**
**SOURCE ESN MDN Dialed Number Call Date & Time Call Direction**
**Monthly Data 358500073742XXX 551XXX0393 n/a 11/13/24 13:05 Outgoing**
**Monthly Data 358500073742XXX 551XXX0393 n/a 11/13/24 13:06 Outgoing**
**Monthly Data 358500073742XXX 551XXX0393 9086508550 11/13/24 13:38 Incoming**
**Monthly Data 358500073742XXX 551XXX0393 9086508550 11/13/24 13:39 Incoming**

35.     Proof of subpoenaed documents are attached hereto and made a part hereof as EXHIBITS 1 & 2.

36.     A call to the number provided at the top of the message; [908] XXX-8550 produced a barely intelligible prerecorded announcement with a heavily-accented female voice speaking about interest in the product. The message then terminated without offering the opportunity for Plaintiff to request the messages stop.

37.     On December 20, 2024, Plaintiff notified the defendants about the subject texts and provided the above screen grab from Plaintiffs cell phone.

38.     A response from In-house Counsel William W. Mauke ("Mauke") was received whereby denying his client sent any texts to Plaintiff.

39.     Shortly after, Plaintiff engaged is several emails with Mauke, provided more definitive information such as the cell phone number and the messaged 6 digit numbers.

40.     Mauke replied and categorically denied his client had any involvement in the text messages. ***Supra***

**Dec 27, 2024, 4:45 PM**
**Mr. Zelma,**
**Thank you for your follow-up message. Wonder has reviewed our internal system again, and we have no record of any texts to the cell phone number you recently provided, (551) XXX-0393. Again, we recommend confirming you have contacted the right company. We're happy to review any information you may have about the text messages you allegedly received on November 13, 2024, but our records show that we have never interacted with any phone number you have provided to us. Thank you.**
**Regards,**
**Bill Mauke**

Zelma v. Wonder Group;  Docket:  BER-L- 3872-24

**41.**       Upon continued research and due-diligence, Plaintiff learned the 2 prohibited text messages were actually invitation codes to access some form of website owned, operated or controlled by the defendant.

**42.**       Plaintiff again sent a screen capture of both text messages to Mauke for review.

**43.**       Mauke changed his response by including several statements that Plaintiff found unprofessional and unsupported by evidence, illustrated in Mr. Mauke's letter, attached hereto and made a part hereof as EXHIBIT-3.

**44.**       Mauke's letter response (EX-3) did not provide any substantive evidence to support his claims.

**45.**        Conversely, Plaintiff made a formal demand to Mauke, seeking outside discovery, concrete evidence asking him to produce detailed technical information, including but not limited to IP addresses, timestamps, device information, and any other relevant data, to substantiate his (Mauke's) claim where Plaintiff signed up for a [specific product/service].

**46.**       Additionally, Plaintiff requested Counsel to show the exact process and user actions where Mauke alleged Plaintiff signed up with his client.

**47.**       In doing so, Plaintiff made a failed attempt to mitigate the matter, in lieu of litigation.

**48.**       Evidenced by counsels response (EX-3), no requested proof would be forthcoming by his specific statement; he considered "***the matter closed*!**"

**49.**       Plaintiff never provided either or any of the Defendants express written consent or any consent to solicit him using text messaging.

**50.**       Plaintiff never provided either or any of the Defendants his cellular phone number.

Zelma v. Wonder Group;  Docket:  BER-L- 3872-24

51.      Defendant Wonder accepted the benefits of the text messages alleged herein, despite knowing or having reason to know those messages would reach cell numbers registered on the no-call registry.

52.       In recent years, there has been a notable pattern of food service companies engaging in text message marketing practices that have resulted in numerous lawsuits.[3]

53.       Recently, _McGonigle v. D'Artagnan, Inc._, No. 1:25-CV-00052 (E.D. Va. Jan. 11, 2025), involved allegations of unsolicited telemarketing text messages despite the plaintiff being listed on the National Do Not Call Registry.

54.      This pattern indicates that an individual or marketing company may have advised the defendant and others, to adopt text message marketing as a strategy without adequately considering the legal consequences.

55.       As with the related 'class' case cited above, plaintiffs were unaware of the defendants. Therefore, it would be impossible for any entity to visit a website that was unknown to them and theoretically sign up for text messaging.

56.       Counsel Mauke claims Plaintiff signed up to receive text messages, a claim which is denied and remains unproven based on the facts presented. (EX-3; Mauke letter; ¶¶1 – 8)

57.      Mauke's letter of January 16, 2025, reveals several inconsistencies and shifts in the defendant's response strategy.

58.      Mauke's unstable defenses and manufactured claims place him in legal jeopardy and raise ethical concerns.

---

3   **See also:** Cotter v. Checkers Drive-In Restaurants, Inc., No. 8:19-cv-1386-VMC-CPT (M.D. Fla. Jan. 7, 2020). Checkers Drive-In Restaurants Inc. settled a class action lawsuit in January 2020, which alleged violations of the Telephone Consumer Protection Act (TCPA) for sending unsolicited text messages.

59.     For example, Mr. Mauke's statement, "*because records show you agreed to the Wonder Terms and Conditions on or about November 13, 2024, you agreed to arbitration*," is completely fabricated, manufactured, unsubstantiated and easily refutable (Mauke letter; EX-3; Pg 4).

60.     Mr. Mauke continues to make unsupported claims and any production of evidence to support his specious claims would be manufactured, and strictly forbidden under the RPC.

61.     Mr. Mauke identifies November 13, 2024, as the date Plaintiff allegedly accessed the website, another specious claim unsupported by evidence.

62.     Plaintiff only noticed the texts on December 24, 2024, making it impossible to have viewed the website as Mauke claims.

63.     Initially, Mauke's letter suggested Plaintiff might have signed up for the texts, to manufacture a claim, then later apologized for implying this, indicating uncertainty in the defendants position. (EX-3; Mauke letter; ¶¶1–8, FN 1).

64.     The reference to Plaintiff as a "serial TCPA claimant" is not a defense, rather an incredibly unprofessional attempt to discredit Plaintiff rather than address the merits of the case.

65.     Once these personal attacks are disclosed through the ECF filing system and become public knowledge, slander and defamation could occur, potentially damaging Plaintiff's reputation and exposing attorney Mauke to personal liability.

66.     Mr. Mauke argues the texts are not marketing messages and thus not subject to the TCPA's Do Not Call prohibitions, but later contends they fall under the established business relationship exception, revealing an inconsistent defense.

*Zelma v. Wonder Group; Docket: BER-L-3872-24*

67.     Mr. Mauke initially claims the texts were sent in response to consumer action but later asserts that the TCPA requires only prior express consent, which he alleges was provided, demonstrating a lack of confidence in the primary argument and naturally makes no sense.

68.     Mr. Mauke suggests Plaintiff initiated the texts by signing up, stripping Plaintiff of standing to sue, but later indicates incomplete records and an uncertain basis for their claims.

69.     Regarding the opt-out mechanism, Mr. Mauke contends the texts were one-time messages and the system treats the requester as opted out until the next request, but this stance is uncertain. He questions the relevance of Plaintiff's citation to 47 USC 227(b)(2)(D) and inaccurately asserts that 47 CFR 64.1200(a)(9)(i)(G) relates to package delivery messages.

70.     Mr. Mauke insists Plaintiff consented to arbitration by agreeing to the Wonder Terms and Conditions, although Plaintiff never accessed the website, highlighting a critical dispute over the validity of the arbitration agreement. Defendants allege Plaintiff agreed to the terms and conditions, which Plaintiff categorically denies. Despite requests for proof, Mauke failed to provide any evidence supporting any of his claims, raising concerns about the credibility of his defense arguments.

71.     The manner in which Mr. Mauke makes these claims raises serious legal and ethical questions. The lack of evidence and use of premeditated defenses suggest a legally questionable and ethically dubious strategy. If Mr. Mauke knowingly made false or misleading statements, this could constitute a violation of ethical rules. Making unsubstantiated allegations without regard to the facts, raises ethical concerns about his conduct as an attorney. The development of a prepackaged defense implies a generalized approach to similar allegations, undermining the

credibility of the defendants' arbitration claim and suggesting a disregard for the specifics of this case.

72.     These observations indicate the defendant's argument lack consistency and firm grounding, revealing contradictions in their defense strategy.

73.     Mauke's self-contradictory and inadvertently self-incriminating statements not only lack substantial evidence but also reveal an acknowledgment of the texts, thereby undermining his own credibility.

74.     The exact number of texts and the defendants' proof of claims will be determined once Discovery commences.

75.     The Defendant, the Doe and ABC Defendants, and each of them, confirmed by Attorney Mauke, sent the subject text messages in violation of the TCPA, the New Jersey no-call law, and intentionally violated Plaintiff's privacy rights.

## VI.    VIOLATIONS OF NEW JERSEY STATE LAW

76.     The defendants failed to meet the requisite filing of their intended marketing under the New Jersey Consumer Fraud Act ("Act"), N.J.S.A. 56:8-119 to N.J.S.A. 56:8-135, and the regulations promulgated thereunder.

77.     The defendants disregarded New Jersey law by implementing and initiating unlawful texts to Plaintiff with the intent to secure him as a customer.

78.     These actions violated both the TCPA and the New Jersey no-call law, as the texts were made with the defendants' knowledge, participation, and approval, directed for their own benefit.

**79.**    The defendants' text messages to Plaintiff's cellular phone, mirrored to the New Jersey no-call registry, imposed unwanted charges for the texts, consumed the phone's battery, and required Plaintiff to spend unnecessary time identifying the defendant and the purpose of the unwanted texts.

**80.**    The New Jersey Division of Consumer Affairs requires telemarketers to register before engaging in telemarketing to state residents, N.J.S.A. §56:8-121(a) The defendants failed to register their intent to solicit within this State.

**81.**    The defendants further violated N.J.S.A. §56:8-121(b), which mandates telemarketers maintain a "do not call" list and respect the preferences of consumers who do not wish to receive telemarketing calls. *Id.*

**82.**    The defendants violated N.J.S.A. §56:8-130 by sending text marketing messages to a cell phone that incurred charges for those messages.

**83.**    N.J.S.A. §§56:8-121(a) & (b) provides a private right of action for consumers who have been harmed by violations of the New Jersey no-call law, thereby entitling Plaintiff to seek relief and statutory damages for the defendants' unlawful conduct.

### VII.    VIOLATIONS OF FEDERAL LAW;
### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA)

**84.**    The Defendant, individually or through others, including DOE and/or XYZ Corporation defendants, used an ATDS (Automatic Telephone Dialing System) to initiate text messaging to market their products and services.

**85.**    In doing so, the defendant violated the TCPA, specifically the proscriptions of 47 U.S.C. §227(b)(1)(A) and 47 C.F.R. §64.1200(a)(1)(iii).

**86.**    Evidence from the screen-capture (¶34) shows the preformatted text and inclusion of a

numeric code, strongly suggesting the use of an autodialer.

**87.**     Auto-Dialers typically generate and send large volumes of standardized messages, often containing unique identification codes, without human intervention.

**88.**     The uniformity and impersonal nature of the message, along with the consistent use of numeric coding, align with patterns produced through autodialer platforms.

**89.**     The defendants violated 47 U.S.C. §227(c)(3)(F) by texting Plaintiff's cell phone, twice, while it was listed on the federal no-call registry.

**90.**     The defendants' unlawful text messages, as evidenced in Plaintiff's screen capture, lacked any opt-out mechanism.

**91.**     The Defendants' failure to provide an opt-out mechanism violated 47 U.S.C. §227(b)(2)(D) by not including an opt-out instruction, such as the word "STOP," in their messages.

**92.**     This omission prevented Plaintiff from easily unsubscribing from the unwanted texts, directly violating the TCPA requirements.

**93.**     The Defendant did not subscribe to the Federal Trade Commission's registry of do-not-call numbers, mirrored with the New Jersey no-call law.[4]

**94.**     The Defendant, individually or through agents or contractors, lacks immunity from the Federal Registry for telemarketing due to their failure to subscribe, denying them an affirmative defense under (47 U.S.C. §227(c)(5)(C)).

**95.**     The repeated texts indicate the absence of any effective no-call procedures by the defendants.

**96.**     Each text received was in violation of plaintiff's FTC no-call registration.

**97.**     Each text received violated the terms of the TCPA.

---

4   The FCC's **Declaratory Ruling and Order** issued in 2015, clarified that text messages are subject to the same restrictions as phone calls under the TCPA

Zelma v. Wonder Group;  Docket:  BER-L- 3872-24

**98.** Each text received violated the provisions of Federal and State no call law[s].

**99.** Each text received consumed Plaintiffs plan minutes.

**100.** At all times material to this Amended Complaint, acting alone or in concert with others, the defendants and each of them had the authority and responsibility to prevent or correct the unlawful acts but chose not to do so.

**101.** The Defendants, individually or collectively, initiated or caused the initiation of the text messages at issue to Plaintiff, delivering commercial messages for their own financial gain.

**102.** The Defendants failed to obtain Plaintiffs prior written express consent to receive their auto-dialed unsolicited text messages.

**103.** The defendants' actions were conducted with knowledge and intent.

**104.** The defendants knowingly or willfully disregarded the law by implementing and initiating unlawful texts, violating the TCPA and the New Jersey no-call law, for their own benefit.

**105.** The Defendants and each of them failed or refused to register their intent to solicit into the State with the New Jersey Division of Consumer Affairs. [N.J.S.A. §§56:8-121(a)(&(b))

### VIII.  THIS COURT'S POWER TO GRANT RELIEF

**106.** 47 U.S.C. §227(b)(3)(A) empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any future violation by the Defendants of any provision of law enforced by the FCC that protects Plaintiff.

**107.** Plaintiff will suffer continual harassment along with substantial emotional distress and abuse that will annoy and alarm his household if the Defendants are permitted to continue to engage in their questionable practices, if Permanent Injunctive Relief is not granted.

**108.** Accordingly, Plaintiff has a cause of action against the Defendants and each of them

Zelma v. Wonder Group;  Docket:  BER-L- 3872-24

and hereby seeks relief under the TCPA's Strict Liability statutory damage award along with separate State Law claims as well as Permanent Injunctive Relief pursuant to the foregoing, against the Defendants and each of them.

### IX.     COUNT ONE
### INITIATING UNLAWFUL TEXTS TO A CELLULAR TELEPHONE:
### VIOLATION OF 47 USC §§227 (c)(3)(F) & (c)(5)(B)

**109.**     Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through One-Hundred Eight as if set forth in full at length.

**110.**     The Defendants and each of them unlawfully engaged in the initiation and completion of text messaging to Plaintiffs cellular phone number that was placed on the Federal and State no-call registry since inception 2003.

**111.**     Plaintiff received the subject text messages twice on his cellular telephone; *Id.* ¶32.

**112.**     As set forth herein, the Defendants and each of them unlawfully engaged in the initiation of text messaging and completed those texts causing Plaintiff's cellular telephone plan to consume minutes.

**113.**     The texts messages, described herein, were received and identified as coming from the defendants. *Id.*

**114.**     The TCPA states in relevant part:

> 47 USC §227 (c)(3)(F)
> (F) prohibit any person from making or transmitting a telephone solicitation to the telephone number of any subscriber included in such database.
> 47 USC 227 (c)(5)(C) provides a Private Right of Action for the foregoing violations.

**115.**     Defense counsel Mauke did not and does not dispute the messages were sent by or on behalf of the defendants. (Plt. Ex.-3)

**WHEREFORE,** Plaintiff demands judgment against Defendants and each of them as follows:

The Defendants engaged in willful or knowing violations of the TCPA under 47 U.S.C. § 227. Plaintiff requests statutory damages of $500.00 for each of the two violations material to Count One. Accordingly, due to the Defendants' willful or knowing violations, Plaintiff seeks damages trebled to $1,500.00 per violation, pursuant to 47 U.S.C. § 312(f)(2), as implemented thereunder. With two violations, the total damages sought amount to Three Thousand Dollars ($3,000.00).

## X.    COUNT TWO
## PROHIBITED USE OF AN AUTO-DIALER TO SEND TEXT MESSAGES
### VIOLATIONS OF 47 U.S.C. §§227(b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii)

116.    Plaintiff repeats, re-alleges and incorporates by reference, Paragraphs one through One-Hundred Fifteen as if set forth in full at length.

117.    Plaintiff received the subject text messages on his cellular telephone; *Id.* ¶30.

118.    The texts messages, described herein, were received, identified and undisputed as sent by the defendants. *Id.*  *(See also:* Mauke admissions, EX-3)

119.    The defendants initiated those text messages using an automated telephone dialing system (ATDS) in violation of the proscriptions of the TCPA, as amended February 15, 2012, FCC REPORT & ORDER, *NPRM, 25 FCC Rcd at 1508-1511, paras. 17-23.*

120.    The Defendants did not have Plaintiffs prior express consent to initiate text messages to his cellular phone using an auto-dialer. *Id.*

121.    The defendants foregoing conduct by each of them initiating text messages, constitutes separate and distinct violations to the TCPA, 47 U.S.C.§227(b)(1)(A)(iii) and the Regulations promulgated thereunder, 47 C.F.R.§64.1200(a)(1), for each text received.

(a).-
(b) Restrictions on use of automated telephone equipment;
(1) Prohibitions: It shall be unlawful for any person within the United States or any person outside the United States if the recipient is within the United States—

Zelma v. Wonder Group; Docket: BER-L-3872-24

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States; . ."

**WHEREFORE,** Plaintiff demands judgment against Defendants and each of them as follows:

The Defendants engaged in willful or knowing violations of the TCPA under 47 U.S.C. § 227. Plaintiff requests statutory damages of $500.00 for each of the two violations material to Count Two. Accordingly, due to the Defendants' willful or knowing violations, Plaintiff seeks damages trebled to $1,500.00 per violation, pursuant to 47 U.S.C. § 312(f)(2), as implemented thereunder. With two violations, the total damages sought amount to Three Thousand Dollars ($3,000.00).

## XI.    COUNT THREE
### PROHIBITED USE OF AN AUTO-DIALER TO SEND A TEXT TO A CELL PHONE WITHOUT THE RECIPIENT'S PRIOR EXPRESS CONSENT. 47 U.S.C. § 227(b)(1)(B)

**122.** Plaintiff repeats, re-alleges and incorporates by reference, Paragraphs one through One-Hundred Twenty-One as if set forth in full at length.

**123.** Plaintiff received the subject text messages on his cellular telephone; *Id.* ¶32.

**124.** The texts messages, described herein, were received and identified as coming from the defendants. *Id.*

**125.** Plaintiff did not know the defendants, never heard of the defendants, therefore never provided the defendants any consent to receive the subject texts.

**126.** A caller may not use an ATDS to place a call or send a text message to a cell phone without the recipient's prior express consent.47 U.S.C. § 227(b)(1)(B)

**127.** The TCPA states in relevant part:

Zelma v. Wonder Group;  Docket:  BER-L- 3872-24

(B) to initiate any telephone call or send any text message to any residential telephone line or cellular telephone line . . . to deliver a message without the prior express consent of the called party.

**WHEREFORE,** Plaintiff demands judgment against Defendants and each of them as follows:

The Defendants engaged in willful or knowing violations of the TCPA under 47 U.S.C. § 227. Plaintiff requests statutory damages of $500.00 for each of the two violations material to Count Three. Accordingly, due to the Defendants' willful or knowing violations, Plaintiff seeks damages trebled to $1,500.00 per violation, pursuant to 47 U.S.C. § 312(f)(2), as implemented thereunder. With two violations, the total damages sought amount to Three Thousand Dollars ($3,000.00).

**XII.  COUNT FOUR**
**VIOLATIONS OF NEW JERSEY STATE LAW**
**INITIATING UNLAWFUL TEXTS TO A CELLULAR TELEPHONE:**
**VIOLATION OF N.J.S. § 2A:65D-3**
**VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT,**
**N.J.S.A. §§56:8-119 to 56:8-135**

**128.** Plaintiff repeats, re-alleges and incorporates by reference, Paragraphs one through One-Hundred Twenty-Seven as if set forth in full at length.

**129.** Plaintiff received the subject text messages on his cellular telephone; *Id.* ¶32.

**130.** The texts messages described herein, were received and identified as coming from the defendants. *Id.*

**131.** A caller may not send a text message to a cell phone located in New Jersey without the recipient's prior express consent. *Id.*

**132.** The Defendants initiated unsolicited text message advertisements to Plaintiff's cellular telephone without prior express consent, in violation of N.J.S. § 2A:65D-3.

**133.** The Defendants' actions also constitute unconscionable commercial practices, deception, fraud, false pretense, false promise, misrepresentation, and the knowing,

19

concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. §§56:8-119 to 56:8-135.

134.    The Defendants initiated the unsolicited text message advertisements to Plaintiff's cellular telephone without prior express consent, in violation of N.J.S. § 2A:65D-3 and the New Jersey Consumer Fraud Act, N.J.S.A. §§56:8-119 to 56:8-135.

135.    By doing so, the Defendants engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise, misrepresentation, and the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in violation of the New Jersey Consumer Fraud Act.

136.    Plaintiff has suffered an ascertainable loss as a result of Defendants' unlawful practices, including but not limited to, the consumption of plan minutes, wear and tear on battery life, consumption on the cells battery and continued charging, invasion of privacy, and unnecessary disturbance.

137.    Accordingly, Plaintiff is entitled to damages, including treble damages, attorney's fees, and costs pursuant to N.J.S.A. §§56:8-19 and 56:8-119 to 56:8-135.

**WHEREFORE,** Plaintiff demands judgment against Defendants and each of them as follows: The Defendants engaged in willful or knowing violations of the New Jersey Consumer Fraud Act, N.J.S.A. §§56:8-119 to 56:8-135 material to Count Four. As a result, Plaintiff requests an award of strict liability statutory, punitive and treble damages, including fees and costs, pursuant to N.J.S.A. §§56:8-19 and 56:8-119 to 56:8-135.

### XIII.   COUNT FIVE
### FAILURE TO PROVIDE OPT-OUT MECHANISMS FOR TEXTS; 47 USC §227 (b)(2)(D)

138.    Plaintiff repeats, re-alleges and incorporates by reference, Paragraphs one through One-Hundred Thirty-Seven as if set forth in full at length.

139.    Plaintiff received the subject text messages on his cellular telephone; *Id.* ¶32.

140.    The texts messages described herein, were received and identified as coming from the defendants. *Id.*

141.    The Defendants initiated the unsolicited text messages to Plaintiff's cellular telephone without providing a clear and reasonable opt-out mechanism, in violation of 47 U.S.C. § 227(b)(2)(D).

142.    The Defendants failed to include any opt-out mechanism, such as the ability to reply with "STOP," which is a reasonable means of revocation as recognized by the FCC.

143.    The Defendants' actions also constitute unconscionable commercial practices, deception, fraud, false pretense, false promise, misrepresentation, and the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. §§56:8-119 to 56:8-135.

144.    Plaintiff has suffered an ascertainable loss as a result of Defendants' unlawful practices, including but not limited to, the consumption of plan minutes, invasion of privacy, and unnecessary disturbance.

145.    Accordingly, Plaintiff is entitled to damages, including treble damages, attorney's fees, and costs pursuant to applicable laws.

**WHEREFORE,** Plaintiff demands judgment against Defendants and each of them as follows:

The Defendants engaged in willful and knowing violations of the TCPA under 47 U.S.C. § 227.

Plaintiff requests statutory damages of $500.00 for each of the two violations material to Count

Five. Accordingly, due to the Defendants' willful or knowing violations, Plaintiff seeks damages trebled to $1,500.00 per violation, pursuant to 47 U.S.C. § 312(f)(2), as implemented thereunder. With two violations, the total damages sought amount to Three Thousand Dollars ($3,000.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

**(a)**     Award Plaintiff strict liability statutory damages of $500.00 for each of the **two (2)** text messages made in violation of the regulations to a phone registered on the Federal and State no-call registry, as proscribed under the TCPA, **47 USC §§227 (c)(3)(F) & (c)(5)(B)** material to Count One, trebled as set forth herein for willful or knowing, for a total of $3000.00.

**(b)**     Award Plaintiff strict liability statutory damages of $500.00 for each of the **two (2)** text messages made using an autodialer in violation of the regulations proscribed under the TCPA, **47 U.S.C. §§227(b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii)** material to Count Two, and trebled as set forth herein for willful or knowing, for a total of $3000.00.

**(c)**     Award Plaintiff strict liability statutory damages of $500.00 for each of the two (2) text messages sent without the recipient's prior express consent. made in violation of the regulations prescribed under the TCPA, 47 U.S.C. § 227(b)(1)(B), material to Count Three, and trebled as set forth herein for willful or knowing, for a total of $3000.00.

**(d)**     Award Plaintiff strict liability statutory damages of $500.00 for each of the two (2) text messages sent without the recipient's prior express

consent. made in violation of the regulations prescribed under of N.J.S. § 2A:65D-3 and the New Jersey Consumer Fraud Act, N.J.S.A. §§56:8-119 to 56:8-135, material to Count Four, and trebled as set forth herein for willful or knowing, for a total of $3000.00. Plaintiff requests an award of fees and costs, pursuant to N.J.S.A. §§56:8-19

(e)   Award Plaintiff strict liability statutory damages of $500.00 for each of the two (2) text messages sent without providing a clear and reasonable opt-out mechanism, in violation of 47 U.S.C. § 227(b)(2)(D), material to Count Five, and trebled as set forth herein for willful or knowing, for a total of $3000.00.

(f)   Award Plaintiff Permanent Injunctive Relief pursuant to **47 U.S.C. §227(b)(3)(A)**

(g)   Award Plaintiff any Other Equitable Relief the Court deems justified to stop the telemarketing defined and described herein.

(h)   Plaintiff reserves the right to amend this Amended Complaint or supplement this prayer, in the event additional violations or information surface through continuing discovery.

(i)   The Defendant, Wonder Group Inc., under the direction and leadership of CEO Marc Lore, engaged in the actions outlined in this complaint. The CEO, acting in his capacity as the highest executive officer, was directly involved in or had knowledge of the willful and knowing violations alleged and outlined in this complaint. The CEO's actions or omissions contributed to the conduct that led to the violations and is therefore

Zelma v. Wonder Group;  Docket:  BER-L-3872-24

personally liable for the damages incurred. Should the Defendant be found in default, having no assets, Plaintiff reserves the right to Amend this Complaint to name Marc Lore personally, thereby seeking recovery of damages.

Respectfully submitted,

By: *s/Richard M. Zelma*
RICHARD M. ZELMA, *pro se*
Dated: January 27, 2025

## RULE 4:5-1 CERTIFICATION

Pursuant to the requirements of R. 4:5-1, I certify that the matter in controversy is not the subject of any other Court or Arbitration proceeding, nor is any other Court or Arbitration proceeding contemplated.  No other parties should be joined in this action.

By: s/*Richard M. Zelma*
RICHARD M. ZELMA, *pro se*

Dated: January 27, 2025

## NOTICE TO ATTORNEY GENERAL
## FOR THE STATE OF NEW JERSEY

**NOTICE IS HEREBY GIVEN** to the Office of Attorney General for the State of New Jersey pursuant to *N.J.S.A. §56:8-20* of the within claim based upon violations of the Consumer Fraud Act and the New Jersey no-call law.

I hereby certify that contemporaneous with the filing hereof, a copy of this pleading has been mailed to the aforesaid Office of Attorney General for the State of New Jersey at the New Jersey State Division of Law, Hughes Justice Complex, 25 W. Market St., P.O. Box 112, Trenton, NJ 08625-0112.

By: s/*Richard M. Zelma*
RICHARD M. ZELMA, *pro se*

Dated: January 27, 2025

# Exhibit C

Richard M. Zelma*
940 Blanch Avenue
Norwood, New Jersey 07648

* LIFETIME MEMBER: TELECOM PIONEERS OF AMERICA 
* Lifetime Member: Communication Workers of America
* Bell-System/Law Enforcement Certified-C. O. Trap/Trace technician
* THE-THIN-BLUE-LINE 

TEL: 201-767-8153
TELECOPIER: FOR COURT USE ONLY
EMAIL: TCPALAWRZ@GMAIL.COM

January 30, 2025
*VIA PRIORITY / CERTIFIED MAIL; SIG REQ*

Incorporating Services, Ltd.
c/o Wonder Group Inc.
349 Kinderkamack Road
Westwood NJ 07675

<u>Re: Service of Summons and Complaint</u>

Dear Sir/Madam:

Please find enclosed Plaintiffs Summons and Complaint in the matter of Zelma vs. Wonder Group Inc.

The attached documents along with the requisite forms and exhibits are being served upon Wonder Group Inc., via Certified Priority Mail, <u>signature required</u>, in accordance with <u>R</u>ule 4:4-4 of the New Jersey Rules of Court.

Thank you for your attention to this matter.

Sincerely,

*/s/ Richard M. Zelma*

Richard Zelma
PLAINTIFF, *pro se*